



# MEMORANDUM OPINION

No. 04-09-00443-CV

Jerry **WANZER**,
Appellant

v.

James R. **TANNER**, Jeffrey T. Newton, and Marcos A. Cuellar,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 07-12-00177-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  September 22, 2010

DISMISSED FOR LACK OF JURISDICTION

Following the trial court's determination that appellant was a vexatious litigant and appellant's failure to furnish costs, the trial court signed an order dismissing appellant's claims against appellees on May 8, 2009.  Appellant's notice of appeal was due to be filed on June 8, 2009 and any motion for an extension of time in which to file the notice of appeal was due on June 23, 2009.  Appellant filed a notice of appeal on July 6, 2009 in which he alleges he did not become aware of the dismissal order until June 5, 2009.

The Texas Rules of Civil Procedure allow a party to extend the time period in which a notice of appeal may be filed "[i]f within twenty days after the . . . order is signed, [the] party. . . has neither received notice . . . nor acquired actual knowledge of the order . . . ." TEX. R. CIV. P. 306a(4). However, "[i]n order to establish[] the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party . . . first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." TEX. R. CIV. P. 306a(5). Here, appellant did not establish in the trial court the date he alleges he first acquired actual notice of the May 8, 2009 dismissal order. Appellant's reply to appellees' response on appeal does not explain his failure to request a Rule 306a(4) ruling from the trial court. Instead, he contends the trial court is "playing games . . . by making it difficult to prosecute [his] claims."

We conclude appellant's July 6, 2009 notice of appeal was not timely; therefore, we must dismiss this appeal for lack of jurisdiction.

Sandee Bryan Marion, Justice